UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

_____

| | |
|---|---|
| CLIFTON W. HOWARD, SR. | CIVIL ACTION NO. 04-2426 |
| versus | JUDGE HICKS |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION | MAGISTRATE JUDGE HORNSBY |

_____

## MEMORANDUM ORDER

Clifton W. Howard, Sr. ("Plaintiff") filed this appeal of the Commissioner's decision to deny him benefits (as reflected in a decision rendered by an ALJ on April 29, 2004). The Commissioner filed a transcript of the administrative proceeding, but Plaintiff noted that some documents were missing. Plaintiff filed a motion to supplement the record, the court granted the proposed order, and the Commissioner responded by filing additional documents. Plaintiff responded by filing a **Motion for Additional Supplementation of the Record Or Alternatively For A Remand (Doc. 18)**. He lists in his motion several important documents that are said to be missing from the administrative transcript filed with the court. The United States Attorney has attempted to work with Plaintiff's counsel to locate copies of and stipulate to the missing documents, but the court has been informed by the United States Attorney that the effort has, thus far, been unsuccessful due to the number of missing documents.

Plaintiff's motion asks, in the alternative to granting the Commissioner more time for supplementation, that the case be remanded to the agency to allow the compilation of the complete record. The United States Attorney agrees that a remand would be beneficial to obtaining a complete record. Despite the agreement of counsel, the court finds that it lacks authority to remand the case merely to complete the record.

The statutory basis for the appeal is 42 U.S.C. § 405(g). It provides, in case of an appeal, that "the Commissioner of Social Security shall file a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based." The court can then act under sentence four, which provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." The proposed remand would not involve a judgment affirming, modifying, or reversing the decision of the Commissioner, so it is not permitted by sentence four. Sentence six also permits remands, but only on motion of the Commissioner before the Commissioner files the answer or on a showing that there is new evidence that meets certain requirements. Those grounds do not appear to be applicable. The Fifth Circuit has made clear that no other form of remand is authorized. Istre v. Apfel, 208 F.3d 517 (5th Cir. 2000).

Based on the foregoing, Plaintiff's motion is **granted** as follows. The **Commissioner** is directed to **supplement the administrative record** filed with the court by **January 2,**

**2006** so that all evidence considered by the agency is before the court. A list of the documents that Plaintiff believes are missing is provided in his motion. If the Commissioner is unable to timely provide the court with the evidence that supports her decision, a sentence four reversal for lack of substantial evidence may be required.

THUS DONE AND SIGNED at Shreveport, Louisiana, this 9th day of November, 2005.

```
                                    _____
                                          MARK L. HORNSBY
                                    UNITED STATES MAGISTRATE JUDGE
```